UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-11565

JASON P. FILES,
      Plaintiff,

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTIONS,
      Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT MASSACHUSETTS DEPARTMENT OF CORRECTION**

---

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Massachusetts Department of Correction ("DOC"), respectfully submits this memorandum of law in support of its motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## INTRODUCTION

On July 27, 2004, the plaintiff, Jason Files, initiated this action alleging negligent hiring and supervision by the DOC, and violations of his federal constitutional rights.  Complaint, ¶¶ 12-20.  The plaintiff has asserted two counts of negligence against the DOC (Count I – Negligent Hiring; Count II – Negligent Supervision) against the DOC.  The plaintiff has also asserted a claim under 42 U.S.C. § 1983.  The plaintiff does not bring suit against any party in his or her individual capacity.  The plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and must be dismissed.

- 2 -

## STATEMENT OF THE FACTS[1]

The plaintiff alleges that, on or about December 31, 2002, the plaintiff was an individual committed to the care of the Massachusetts Treatment Center located in Bridgewater, Massachusetts, under a temporary commitment pursuant to M.G.L. c. 123, § 5.[2] Complaint, ¶ 3. On that day, a Correctional Officer identified as Sgt. Jackson subjected the plaintiff to "crude and disparaging remarks," then "grabbed [the] Plaintiff, pulled him off his bunk and began to strike him." Complaint, ¶¶ 5-7. The plaintiff alleges that he attempted to protect himself "by passive means," and Sgt. Jackson began to repeatedly kick the plaintiff in the stomach. Complaint, ¶ 8. The plaintiff claims that he suffered injury because of the blows struck by Sgt. Jackson. Complaint, ¶ 9.

## ARGUMENT

A motion to dismiss for failure to state a claim under Fed R. Civ. P. 12(b)(6) will be granted if it appears to a certainty that the plaintiff would be unable to recover under any set of facts. Gonzalez-Bernal v. United States, 907 F.2d 246, 258 (1st Cir. 1990). A court ruling on a motion to dismiss must accept the factual allegations of the Complaint as true and draw all reasonable inferences in the non-moving party's favor. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 37 (1st Cir. 1991).

---

[1] When a motion to dismiss is made, the factual allegations of the complaint are accepted as true for the purposes of the motion. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 37 (1st Cir. 1991).

[2] Though the facts alleged by the plaintiff in the Complaint are deemed to be true, the Defendant notes that according to its records, the plaintiff was actually being held at the Massachusetts Alcohol and Substance Abuse Center, which is also located in Bridgewater, Massachusetts, but is a separate facility from the Massachusetts Treatment Center.

- 3 -

## I. THE PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS AGAINST THE DEPARTMENT OF CORRECTION ARE BARRED.

As an initial matter, a suit against a State under § 1983 is barred by the Eleventh Amendment to the United States Constitution unless the State has waived its sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44-45 n. 7 (1981). The plaintiff's § 1983 claim against the Department of Correction is, therefore, barred as a matter of law.

The plaintiff seeks only monetary damages for alleged violations of 42 U.S.C. § 1983. To state a claim for monetary damages under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under color of law deprived him of a federal statutory or constitutional right. See 42 U.S.C. ' 1983. A state agency, such as the DOC, is not a "person" within the meaning of § 1983. See Will, 491 U.S. at 70. Likewise, state officials acting in their official capacities are not "persons" within the meaning of § 1983 for purposes of monetary damages. See Will, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . As such, it is not different from a suit against the State itself"); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The plaintiff's claims against the DOC fail as a matter of law.

The plaintiff's claim against the DOC under § 1983 is barred as a matter of law. This Court should, therefore, dismiss this claim.

- 4 -

## II. THE ELEVENTH AMENDMENT BARS SUIT AGAINST THE COMMONWEALTH UNDER THE MASSACHUSETTS TORT CLAIMS ACT IN FEDERAL COURT.

The plaintiff has asserted negligence claims against the DOC pursuant to the Massachusetts Tort Claims Act (the "MTCA"), M.G.L. c. 258. See Complaint, Counts I and II. But the express language of the MTCA bars the plaintiff's claims against the DOC. Under the MTCA, suit may only be brought against the Commonwealth and not against a state agency of an individual employee. See M.G.L. c. 258, § 2.

Even if the plaintiff had named the Commonwealth as a defendant, however, the plaintiff's negligence claims fail as a matter of law because the Eleventh Amendment to the United States Constitution bars suit against a state by its own citizens unless the state has waived its sovereign immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); see Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (while the Eleventh Amendment does not expressly bar suits against a state by its own citizens, the United States Supreme Court has consistently held that the Eleventh Amendment precludes such suits in the absence of the state's consent to suit).

The MTCA provides a limited waiver of the Commonwealth's sovereign immunity. See M.G.L. c. 258, § 2. The Commonwealth expressly consents to suit only in its own courts in the MTCA:

> All civil actions brought against a public employer on a claim for damages cognizable under this chapter shall be brought in the county where the claimant resides or in the county where such public employer is situated except that in the case of the Commonwealth such civil actions shall be brought in the county where the claimant resides or in Suffolk county. The superior court shall have jurisdiction of all civil actions brought against a public employer.

- 5 -

M.G.L. c. 258, § 3 (emphasis added).[3]  Answering a question certified by this Court, the Massachusetts Supreme Judicial Court has expressly held that the MTCA does not waive the Commonwealth's Eleventh Amendment immunity from suit in federal court. <u>Irwin v. Commissioner of the Dep't of Youth Servs.</u>, 388 Mass. 810, 819, 821 (1983); <u>see</u> also <u>Caisse v. DuBois et al.</u>, 346 F.3d 213, 218 (1st Cir. 2003).  As the First Circuit recently explained, "Absent an explicit waiver from the state, the Eleventh Amendment bars "official capacity suits" against state actors in federal court unless the suit seeks prospective injunctive relief. … By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment Immunity to suit in federal court." <u>Caisse</u>, 346 F.3d at 218 (citations omitted).  The MTCA contains "neither an express nor a necessarily implicit consent by the Commonwealth to suit in Federal courts … Where, as here, the Commonwealth consents to suits in its own courts, 'it can be impleaded only in the manner and to the extent expressed … [by] statute.'" <u>Irwin</u>, 388 Mass. at 819, quoting <u>Broadhurst v. Director of the Div. of Employment Sec.</u>, 373 Mass. 720, 722 (1977); <u>see</u> <u>Massachusetts Hosp. Ass'n v. Harris</u>, 500 F.Supp. 1270, 1278 (D. Mass. 1980) ("it is well settled that in the absence of a clear declaration of consent to suit in federal court, a state's consent to actions in its own courts will not be held to abrogate its Eleventh Amendment immunity").  Given the Commonwealth's limited waiver of jurisdiction, the Eleventh Amendment bars suit against the Commonwealth in a federal district court.  This Court should, therefore, dismiss the MTCA claim against the DOC.

---

[3]  The district court and the housing court have jurisdiction over actions brought against housing authorities.  <u>See</u> M.G.L. c. 258, ' 3.

- 6 -

## **CONCLUSION**

For the foregoing reasons, the DOC respectfully requests that the Court dismiss the plaintiff's Complaint.

                                        Respectfully Submitted

                                        by the Massachusetts Department of Correction

                                        NANCY ANKERS WHITE
                                        Special Assistant Attorney General

By:    /s Brendan J. Frigault, Counsel
         BBO No. 647669
         Department of Correction
         Massachusetts Treatment Center
         30 Administration Road
         Bridgewater, Massachusetts 02324
         (508) 279-8180
         BJFrigault@DOC.state.ma.us

Dated: December 7, 2004

- 7 -

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 2004-11565**

**JASON P. FILES,**
    **Plaintiff,**

**v.**

**MASSACHUSETTS DEPARTMENT**
**OF CORRECTIONS,**
    **Defendant.**

---

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

---

NOW COMES the Defendant, Massachusetts Department of Correction, by and through undersigned counsel, and hereby certifies that defendant's counsel has conferred with counsel for the plaintiff, in an effort to resolve or narrow the issue addressed in the defendant's Motion to Dismiss, in accordance with LR, D.Mass. 7.1. Defendant's counsel, Brendan J. Frigault, spoke with plaintiff's counsel, Glen R. Vasa. by phone on December 6, 2004, and the parties could not reach an agreement on this issue.

- 8 -

Respectfully Submitted

by the Massachusetts Department of Correction

NANCY ANKERS WHITE
Special Assistant Attorney General

by:    /s Brendan J. Frigault, Counsel
       BBO No. 647669
       Department of Correction
       Massachusetts Treatment Center
       30 Administration Road
       Bridgewater, Massachusetts 02324
       (508) 279-8180
       BJFrigault@DOC.state.ma.us

Dated: December 7, 2004