# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON FILES, ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No: 2004-11565 |
| ) | |
| COREY ROSE, ) | |
| WILLIAM MOSHER AND ) | |
| OLADELLE JACKSON ) | |
| *Defendants* ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Jason Files, is an individual residing at 13 Oakwood Drive, Randolph, Norfolk County, Massachusetts.

2. Defendant, Corey Rose, is an individual residing in the Commonwealth of Massachusetts.

3. Defendant, William Mosher, is an individual residing in the Commonwealth of Massachusetts.

4. Defendant, Oladelle Jackson, is an individual residing in the Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

5. On or about December 3, 2002, Jason Files was an individual committed to the care of the Massachusetts Alcohol and Substance Abuse Center (hereinafter referred to as "MASAC"), located in Bridgewater, Plymouth County, Massachusetts, pursuant to Massachusetts General Laws Chapter 123, §5.

6. MASAC was, at all relevant times, operated and maintained by the Massachusetts Department of Corrections.

7. On said date, Corey Rose was on duty in his position as a correctional officer at MASAC and employed by the Massachusetts Department of Corrections.

8. On said date, William Mosher was on duty in his position as a correctional officer at MASAC and employed by the Massachusetts Department of Corrections.

9. On said date, Oladelle Jackson was on duty in his position as a correctional officer at MASAC and employed by the Massachusetts Department of Corrections.

10. On said date, Jason Files was subjected to crude and disparaging remarks by several correctional officers including Oladelle Jackson.

11. Oladelle Jackson then grabbed Plaintiff, pulled him off his bunk and began to strike and kick him.

12. As Jason Files attempted to protect himself by passive means, several correctional officers, including Oladelle Jackson, Corey Rose and William Mosher began to repeatedly kick the plaintiff in the stomach and back.

13. As a result of the blows being struck, Mr. Files was injured.

14. On January 6, 2003, Plaintiff Jason Files through his attorney sent, via certified mail, a demand letter (attached hereto as "Exhibit A") to the Massachusetts Department of Corrections for damages, including assault and battery, violation of civil rights as defined by M.G.L. c. 121 § 111 and 42 U.S.C. § 1983, suffered as a result of the actions of the defendants.

15. That as of the filing of this amended complaint, no response to Plaintiff's Massachusetts Tort Claims Act letter has been received.

## COUNT I
### ( VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. COREY ROSE)

16. Plaintiff, Jason Files, incorporates by reference the allegations set forth in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. The actions of Defendant, Corey Rose, while acting within the scope of his employment and under the authority and color of state law, violated Plaintiff, Jason Files' civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

18. As a result thereof, Plaintiff, Jason Files, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Jason Files, demands judgment against Defendant, Corey Rose, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages in an amount this Honorable Court determines is fair and just.

## COUNT II
## ( VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. WILLIAM MOSHER)

19. Plaintiff, Jason Files, incorporates by reference the allegations set forth in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. The actions of Defendant, William Mosher, while acting within the scope of his employment and under the authority and color of state law, violated Plaintiff, Jason Files' civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

21. As a result thereof, Plaintiff, Jason Files, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Jason Files, demands judgment against Defendant, William Mosher, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages in an amount this Honorable Court determines is fair and just.

## COUNT III
### ( VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. OLADELLE JACKSON)

22. Plaintiff, Jason Files, incorporates by reference the allegations set forth in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. The conduct of Defendant, Oladelle Jackson, while acting within the scope of his employment and under the authority and color of state law, violated Plaintiff, Jason Files' civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

24. As a result thereof, Plaintiff, Jason Files, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Jason Files, demands judgment against Defendant, Oladelle Jackson, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages in an amount this Honorable Court determines is fair and just.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,

Jay M. Lipis, Esq.
BBO No.: 545771
Law Offices of Jay M. Lipis
Six Cabot Place, Unit 8
Stoughton, MA 02072
(781) 341-4841

Dated: June 21, 2005

# EXHIBIT A

LAW OFFICES of JAY M. LIPIS

SIX CABOT PLACE, UNIT 8
STOUGHTON, MASSACHUSETTS 02072

Jay M. Lipis*

Walter J. Hayes, Jr.
Daniel M. Hutton

*Also admitted in New York

Telephone (781) 341-4841
Facsimile (781) 341-1834

January 6, 2003

Michael T. Maloney, Commissioner
Massachusetts Department of Corrections
50 Maple Street, Suite 3
Milford, MA 01757-3698

RE:  Notice of Massachusetts Tort Claim pursuant to G.L. c. 258, §4 on behalf of:

   Client:             Jason P. Files
   Date of Incident:   December 3, 2002
   Place of Incident:  Massachusetts Treatment Center, Bridgewater, MA

Dear Commissioner Maloney:

   Please be advised that this office has been retained by the above-named individual with respect to his damages and serious personal injuries sustained as the result of an incident that occurred on December 3, 2002 at the Massachusetts Treatment Center ("Center") located in Bridgewater, Massachusetts. This notice of presentment letter is being sent in accordance with the provisions of Massachusetts General Laws Chapter 258, Section 4 and should be considered a liability letter.

   My client was confined to the Center pursuant to a court order obtained in accordance with M.G.L. c. 123, §35. Mr. Files was assaulted and battered by a Sergeant Jackson. Sgt. Jackson had been harassing Mr. Files prior to the December 3, 2002 incident. Mr. Files filed a letter outlining those actions with Sgt. Barros of Internal Perimeter Security (IPS).

   On the date in question, Sgt. Jackson used crude and disparaging remarks to my client and then proceeded to pull him off his bunk and began to strike him. As Mr. Files attempted to protect himself by passive means, specifically curling up protecting his head and body, Sgt. Jackson began to kick Mr. Files in the stomach repeatedly.

*January 6, 2003*
*Commissioner Michael T. Maloney,*
*Department of Corrections*
*Massachusetts Tort Claims Act Presentment Letter (M.G.L. c. 258, §4)*
*Page 2*

As this was occurring, another officer, Mr. Files believes it to be Sgt. Jackson's superior, arrived on the scene and proceeded to aid Sgt. Jackson's repeated batteries upon my client by handcuffing Mr. Files and striking him on his body. At that point Sgt. Jackson began to punch Mr. Files in the face. At some point during the beatings, Mr. Files lost consciousness.

When Mr. Files regained consciousness, he found himself in solitary confinement cell, still handcuffed. Also present was Sergeant Mosher. Sgt Mosher then began battering Mr. Files, including striking my client's head against the wall and by attempting to break his handcuffed wrists.

Mr. Files next recalls a nurse appearing in solitary to treat his injuries. When he told her what happened, she refused to treat him and left. Another nurse eventually came and treated the numerous injuries he sustained from the beatings by the correctional officers at the Center.

Pursuant to the provisions of Massachusetts General Laws Chapter 258, Section 4, Jason Files states he has suffered, as a result of the injuries caused by actions of the employees of the Massachusetts Treatment Center, including Sgt.s Jackson and Mosher, as well as those as yet unidentified, the negligent hiring and supervision of said individuals by the Massachusetts Treatment Center, damages in the amount of one hundred thousand dollars ($100,000.00) per party, including each individual involved in the attacks and refusal to provide medical treatment, as well as the Massachusetts Treatment Center.

Additionally, we are also alleging the unprovoked and unwarranted serious bodily injury inflicted on Mr. Files by the above individuals violated my client's civil rights, in violation of M.G.L. c. 121, §111 and 42 U.S.C. § 1983.

I wish to make it clear that we are pursuing <u>individual</u> and separate claims under M.G.L. c. 258: one against each individual known or unknown at this time.

This is also a notice of presentment letter to the Massachusetts Department of Corrections and is being sent in accordance with the provisions of Massachusetts General Laws Chapter 258, Section 4 and should be considered a liability letter. The unwarranted and unprovoked injuries inflicted upon Mr. Files constitute violations of his civil rights by individuals in the employ of the Department and done under the color of law.

Demand is hereby made against the Massachusetts Department of Corrections in the amount of one hundred thousand dollars ($100,000.00) for actions of its agents.

*January 6, 2003*
*Commissioner Michael T. Maloney,*
*Department of Corrections*
*Massachusetts Tort Claims Act Presentment Letter (M.G.L. c. 258, §4)*
*Page 3*

      Would you kindly forward this letter to your legal counsel or representative for immediate attention. It is our intention to supply any information requested in order to give you the opportunity to settle this claim without resort to litigation.

                                      Very truly yours,

                                      Jay M. Lipis

JML/wjh
cc:    Thomas F. Reilly, Esq., Attorney General for the Commonwealth of Massachusetts
       CERTIFIED MAIL - RETURN RECEIPT REQUESTED
       7001 2510 0004 3209 5296
       Jason Files

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
**7001 2510 0004 3209 5289**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Michael T. Maloney, Commissioner
   Mass. Department of Corrections
   50 Maple Street, Suite 3
   Milford, MA 01757-3698

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): _illegible_   B. Date of Delivery: 1/10/3

C. Signature: X _signature_   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7001 2510 0004 3209 5289

PS Form 3811, March 2001    Domestic Return Receipt    102595-01-M-1424

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Thomas F. Reilly, Esq.
   Massachusetts Attorney General
   One Ashburton Place, 20th Floor
   Boston, MA 02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): _illegible_   B. Date of Delivery: 1/13/03

C. Signature: X _signature_   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7001 2510 0004 3209 5296

PS Form 3811, March 2001    Domestic Return Receipt    102595-01-M-1424